IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Cuahutemo Hernandez, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| -*vs*- ) | No. 23-cv-5931 |
| ) | |
| Latoya Hughes, Acting Director of ) | Judge John F. Kness |
| the Illinois Department of ) | |
| Corrections, ) | |
| ) | |
| *Defendant.* ) | |

# AMENDED COMPLAINT

Plaintiff Cuahutemo Hernandez, by counsel, alleges as follows:

1. This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132 and Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a). The jurisdiction of this Court is conferred by 28 U.S.C. § 1331.

2. Plaintiff Cuahutemo Hernandez is a resident of Chicago and a former detainee in the Illinois Department of Corrections assigned IDOC Number R02414.

3. Defendant Latoya Hughes is the Acting Director of the Illinois Department of Corrections. She has responsibilities for IDOC's policies and procedures and the administration of all correctional facilities in the State. This matter is brought against Director Hughes in her official capacity.

4. During all times relevant, the IDOC received federal financial assistance for programs, services, and activities.

5. Plaintiff Hernandez suffers several medical conditions including chronic neck and back pain, chronic knee pain, and chronic right shoulder pain. Plaintiff requires a cane to ambulate.

6. On April 12, 2022, plaintiff was admitted to the custody of the Illinois Department of Corrections. Plaintiff was at the Northern Reception and Classification Center (the "NRC") until May 31, 2022.

7. Upon admission to NRC on April 12, 2022, an authorized medical provider (either an MD, NP, or PA) issued a Medical Permit for plaintiff to use one crutch to move from place to place. This medical permit is below:



8. The NRC opened in 2004 and "functions as the major adult intake and processing unit for the entire state."

9. NRC does not have sufficient space to house a mobility impaired person, like plaintiff, in an accessible cell. On November 17, 2023, Placement Officer Terry wrote an e-mail to Assistant Warden Case stating "we only have 14 cells that are in ADA compliance" and "a lot of times we have more than 14 individuals who require ADA cells for wheelchairs, walkers, canes, and crutches" and that "[a]s of right now we are only able to accommodate individuals who have wheelchairs as priority, and we cannot always guarantee even wheelchairs to have a compliant ADA cell."

10. During the period from August 23, 2021, to at least November 17, 2023, defendant's policy/practice was to house inmates with permits for canes, crutches and walkers in cells which did not have grab bars near the toilets.

11. The NRC conducts a comprehensive medical assessment of all newly admitted individuals. If the medical staff determines the individual requires a crutch, cane, or walker to ambulate, an order will be entered allowing use of the mobility aid at NRC.

12. Each year more than 20 mobility impaired prisoners prescribed a cane, crutch, or walker are processed at NRC.

13. At all times relevant, the NRC was required to comply with the structural standards set by the Rehabilitation Act and the Americans with

Disabilities Act (ADA). Both standards require an accessible shower to have a mounted seat.

14. Mounted shower seats, however, were not offered to plaintiff or similarly situated detainees.

15. The inaccessible conditions deprived plaintiff the ability to shower on the same basis as non-disabled detainees at NRC.

16. In addition, plaintiff's cells at NRC did not have grab bars near the toilet, a requirement for a toilet to be accessible. The inaccessible toilet deprived plaintiff the ability to toilet on the same basis as non-disabled inmates and caused plaintiff to experience unnecessary pain each time he used the bathroom.

17. On May 31, 2022, plaintiff was transferred to the Pinckneyville Correctional Center.

18. At Pinckneyville, an authorized medical provider granted permission for plaintiff to use a cane to move from place to place. A copy of this authorization is below:

**MEDICAL PERMISSION**

This slip is considered authorization for the following patient to be in possession of the designated medical item for the noted period of time *only*.

**PATIENT NAME:** Hernandez, Cuahutemo

**PATIENT NUMBER:** R02414 3D31

**AUTHORIZED MEDICAL ITEM:** Cane, Ace wrap

**EFFECTIVE:** 6/10/2022

**EXPIRATION DATE:** 6/10/2023

**AUTHORIZATION SIGNATURE:** A. Desai, PA-C

You are responsible for returning all equipment to the Health Care Unit upon expiration date.

You are responsible for having in your possession this highlighted copy. Any alterations or copying of this slip will result in discipline and will be invalid.

CC: Medical File
　　Patient
　　Placement
　　File

DCA #260-53361
IL #426-22854 (rev. 12/05)

19. Pinckneyville opened in 1998 and, according to the IDOC website, has 65 beds designated for disabled individuals. The IDOC website also represents this facility "has living accommodations built to American Disabilities Act (ADA) specifications, meeting the needs of its disabled population."

20. Plaintiff and similarly situated detainees experience the same barriers showering at Pinckneyville; none of the showers have mounted benches as

required by the Rehabilitation Act and ADA. Plaintiff was unable to shower on the same basis as non-disabled detainees because of the obvious structural barriers.

21. At Pinckneyville, defendant assigned plaintiff Hernandez to a cell with a standard toilet and sink combination unit. This toilet did not have grab bars nearby to assist plaintiff use the toilet. The denial of an accessible toilet caused plaintiff to experience pain and be unable to use the toilet on the same basis as non-disabled inmates.

22. In addition, all housing units at Pinckneyville (Housing Units 1 to 6) have a dayroom toilet/sink that is available to inmates during dayroom hours. This dayroom toilet/sink, however, is not accessible for a physically disabled person. It is a standard toilet and sink combination unit, as depicted below:



23. The toilet lacks a grab bar behind the toilet to assist a physically disabled person, like plaintiff, and the toilet is a physical barrier for a disabled person to use the sink on the same basis as a non-disabled person.

24. Plaintiff Hernandez was unable to use the dayroom toilet on the same basis as non-disabled inmates because it lacked the required grab bars and the toilet/sink fixture did not comply with the structural accessibility requirements .

25. Plaintiff returned to the NRC on May 11, 2023. During the intake process the medical staff authorized plaintiff to use a cane. A copy of the medical order is below:

[Medical permit form with handwritten entries:

Offender Name: Hernandez, Cuahutemoc
Number: R02414
Housing Unit: T106

☒ New Order  ☐ Change  ☐ Renewal  ☐ Cancel

☒ Low Bunk Permit
☒ Low Gallery Permit
☐ State Boots / Special Shoes ___
☒ Slow Walk
☐ C-Pap Machine  ☐ Crutches 1 or 2
☐ No Gym/Yard
☐ Medical Lay-in  ☐ Shower X week  ☐ Hearing Aid: Rt ear Lt ear
☐ Ice ___  ☐ Waist Chain  ☐ Leather Restraints
☐ Wheelchair permit  ☐ Sling/Abdominal Binder  ☐ Scrotal Support
☒ Other: Cane, CPAP machine + water
Comments: knee sleeve/support ☒

Medical Permit/Receipt for Medical Purposes only:
NO MEDICAL DIAGNOSIS WRITTEN ON FORM
Single Cell
Butt Plug

Start Date: MAY 11 2023
Expiration Date: 12/31/23

Authorized By: MD/NP/PA: [signature]
Date: MAY 11 2023

Date: MAY 11 2023

Reviewed by: ___
Entered into O360 By: ___

Distribution: Inmate
Inmate Medical File
Placement
Living Unit Lieutenant
Cell House Sergeant
Assistant Warden of Operations

Printed on Recycled Paper

STA 0168 (Rev. 10/2020)]

26. Plaintiff remained at NRC until June 13, 2023. During this period he experienced the same barriers showering. During this detention, plaintiff's cell, Unit 1, Cell 106, did not have grab bars near the toilet. The absence of grab bars caused

plaintiff to experience pain and be unable to use the toilet on the same basis as non-disabled inmates.

27. At all times relevant, the defendant has been deliberately indifferent to federally protected rights of plaintiff and similarly situated mobility impaired inmates.

28. Plaintiff seeks to represent the following Rule 23(b)(3) classes:

    a. All individuals assigned to the Northern Classification and Reception Center from August 23, 2021 to the date of entry of judgment who were prescribed a cane, crutch, or walker by a prison medical provider to resolve the issue under Rule 23(c)(4) whether the ADA Standards apply to the showers at NRC and whether the standards were violated due to the lack of mounted seats;

    b. All individuals assigned to Pinckneyville Correctional Center from August 23, 2021 to the date of entry of judgment who were prescribed a cane, crutch, or walker by a prison medical provider to resolve the issue under Rule 23(c)(4) whether the ADA Standards apply to the showers at Pinckneyville and whether the standards were violated due to the lack of mounted seats; and

    c. All individuals assigned to Pinckneyville Correctional Center from August 23, 2021 to the date of entry of judgment who

      were prescribed a cane, crutch, walker, or wheelchair by a prison medical provider to resolve the issue under Rule 23(c)(4) whether the ADA Standards apply to the dayroom toilets/sinks at Pinckneyville and whether the standards were violated due the structural barriers, including the absence of required grab bars and sufficient space.

29.   Plaintiff hereby requests trial by jury on his claim for damages.

It is therefore respectfully requested that the Court certify this case under Rule 23(b)(3) of the Federal Rules of Civil Procedure, that the Court award appropriate compensatory damages to plaintiff and a class of similarly situated individuals, and that the Court award reasonable attorney's fees and costs. In the event the plaintiff and/or the plaintiff class is unable to establish compensatory damages, the plaintiff and the plaintiff class request an award of nominal damages.

          /s/ <u>Patrick W. Morrissey</u>
              ARDC No. 6309730
              Thomas G. Morrissey
              Thomas G. Morrissey, Ltd.
              10257 S. Western Ave.
              Chicago, Illinois 60643
              (773) 233-7901
              pwm@morrisseylawchicago.com
              *Attorney for Plaintiff*